IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EUSEBIO TAYLOR &
DRAPHY TAYLOR,

    Plaintiffs,

v.

WALMART INC.,

    Defendant.

Case No. 26-CV-00097-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Dismiss filed by Defendant Walmart Inc. (Doc. 11). Having been fully informed of the issues presented, Walmart's Motion to Dismiss is **DENIED as moot** and this case is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The instant matter involves a case of mistaken identity. *Pro se* Plaintiffs Eusebio and Draphy Taylor allege that they were accused of shoplifting by employees at the Walmart store located at 1556 W. U.S. Highway 50 in O'Fallon, Illinois on October 20, 2025. (Doc. 1, Ex. A, ¶¶ 7, 9). They allege that Walmart employees erroneously identified them based on security camera footage. (*Id.*, Ex. A, ¶ 9). They brought the instant case in the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois on December 19, 2025. (*Id.*, Ex. A; *see Taylor v. Walmart*, No. 2025LA1512 (Ill. Cir. Ct. Jan. 22, 2026)). Their Complaint alleges eight causes of

action against Walmart including false imprisonment, defamation per se, negligence, negligent supervision and training, intentional infliction of emotional distress, violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, racial discrimination, and sought punitive damages. (*Id.*, Ex. A).

Walmart removed this case to federal court on January 28, 2206 (*id.*) and filed and Answer to Counts I and II and a Motion to Dismiss Counts III through VIII on February 2, 2026 (Docs. 11, 13). The Taylors filed a Response in Opposition on February 16, 2026. (Doc. 20). Walmart filed a Reply on March 3, 2026. (Doc. 23).

If this were the entire procedural history of this case, this would be a run-of-the-mill analysis pursuant to Federal Rule of Civil Procedure 12(b)(6). However, the Taylors wrote in their Response that their state court case was dismissed without prejudice and closed before they could amend their pleadings. (Doc. 20, p. 1). Apparently, Walmart was unaware on January 28, 2026 when it removed this case that it had been dismissed without prejudice on January 22, 2026. *See Taylor v. Walmart*, No. 2025LA1512 (Ill. Cir. Ct. Jan. 22, 2026). In its Reply, Walmart wishes to dismiss this case "[b]ecause there was no pending civil action in the Twentieth Judicial Circuit of St. Clair County at the time this matter was inadvertently removed." (Doc. 23, p. 1).

## APPLICABLE LAW AND LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapatthah Servs., Inc.*, 545 U.S. 546, 552 (2005). Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may

be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694–95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at \*1 (S.D. Ill. Nov. 22, 2006).

"'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

## ANALYSIS

The order from Judge Christopher Kolker of the Circuit Court for the Twentieth Judicial Circuit dismissed the Plaintiffs' state court case without prejudice due to failure to comply with Illinois Supreme Court Rule 137 and 725 ILL. COMP. STAT. 5/2-603. *Taylor v. Walmart*, No. 2025LA1512 (Ill. Cir. Ct. Jan. 22, 2026); (*see* Doc. 23, Ex. A). The Plaintiffs were not provided leave to amend. *See Taylor*, No. 2025LA1512; (Doc. 23, Ex. A). The docket sheet records their case as "closed" as of January 22, 2026. *See St. Clair County Circuit Clerk*, ST. CLAIR CNTY., ILL. https://www.co.st-clair.il.us/departments/circuit-clerk (last visited March 3, 2026) (navigate to "Court Record Search," then search for No. 2025LA1512).

28 U.S.C. § 1441 states that

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Note the last word – "pending." This means that the case to be removed must be an active, open case in state court. That is not true here, meaning that Walmart's Notice of Removal was improper and does not comport with the requirements of § 1441.

The Taylors indicated that they intended to amend and refile their pleadings in state court. (Doc. 20, p. 1). While they do not seek remand of the case, their Response in Opposition to Walmart's Motion to Dismiss (Doc. 20) was filed within thirty days of Walmart's Notice of Removal (Doc. 1), meeting the thirty-day requirement provided by 28 U.S.C. § 1447(c). Recall that "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Indeed, Federal Rule of Civil Procedure 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." "Moreover, '[a] litigant who appears pro se should not be treated more harshly for negligent errors than one represented by an attorney. Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human

error . . . .'" *Sanders v. Melvin*, 25 F.4th 475 (7th Cir. 2022) (quoting *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 277 n.8 (7th Cir. 1986)).

Considering the above and without commenting on the merits of this case, this Court construes the Taylors' Response in Opposition (Doc. 20) to indicate that the Plaintiffs wish to proceed in state court. As discussed *supra*, "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006). Therefore, this case shall be remanded. Because this Court is bereft of jurisdiction, Walmart's pending Motion to Dismiss (Doc. 11) shall be denied as moot.

CONCLUSION

For the reasons set forth above, Defendant Walmart Inc.'s Motion to Dismiss (Doc. 11) is **DENIED as moot**. This case is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED:  March 10, 2026**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**